Irina Hughes, FSB No. 66198
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon  97401
(541) 465-6937 Telephone
(541) 465-6975 Facsimile
Irina_Hughes@fd.org

Attorney for Defendant

**United States District Court**

**District of Oregon**

| | |
|---|---|
| United States of America, | No. 6:21-mj-00214-MK |
| Plaintiff, | Reply to Government's Legal Memorandum regarding detention |
| v. | |
| Daniel Andrew McGee, | |
| Defendant | |

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

Mr. McGee is charged with a serious offense, however THE presumption of release applies, unless the government can prove that

there are no conditions of release that can reasonably assure Mr. McGee's appearance AND safety of community. See 18 USC 3142(b) and (e). (The judicial officer "shall order release of the defendant on personal recognizance … unless" the judicial officer "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

If the judicial officer determines that the release on personal recognizance will not reasonably assure the appearance of the defendant as required or will endanger the safety of others, then the judicial officer shall order release on conditions. *Id.* § 3142(c).

Finally, § 3142(e) provides that only after a detention hearing where the judicial officer finds that there are no conditions or combinations of conditions that reasonably assure the appearance of the person as required and the safety of community, such judicial officer shall order detention. *Id.* § 3142 (e).

The government contends that they can seek detention of Mr. McGee based on Mr. McGee's dangerousness alone. However, such analysis is inconsistent with the wording of the statute. "We are not

persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation of the Act would render meaningless 18 U.S.C. § 3142(f)(1) and (2). Our interpretation is in accord with our sister circuits who have ruled on this issue." *United States v. Byrd,* 969 F.2d 106 (5th Cir. 1992); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); *United States v. Himler,* 797 F.2d 156 (3d Cir. 1986)." *United States v. Twine*, 344 F.3d 987, 987 (**9th Cir.** 2003).

In *United States v. Byrd*, 969 F.2d at 110, the Fifth Circuit held: "[W]e find ourselves in agreement with the First and Third Circuits: a defendant's threat to the safety of other persons or to the community, standing alone, will not justify pre-trial detention."

"[T]he statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification. Any danger which he may present to the community may be considered only in setting conditions of release." *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986).

Therefore, unless the government can prove by clear and convincing evidence that Mr. McGee is a danger to community ***and*** by preponderance of evidence that he is a flight risk, ***and*** that there are no conditions or combination of conditions that can reasonably assure his appearance in court and safety of community, Mr. McGee shall be released on conditions. See 18 USC § 3142 (c).

Respectfully submitted: November 16, 2021.

*s/Irina Hughes*<br>
Irina Hughes<br>
Assistant Federal Public Defender